Brian S. King, #4610
Brent J. Newton, #6950
Samuel M. Hall, #16066
**BRIAN S. KING, P.C.**
420 E. South Temple, Ste. 420
Salt Lake City, UT 84111
Telephone: (801) 532-1739
Facsimile: (801) 532-1936
brian@briansking.com
brent@briansking.com
samuel@briansking.com

*Attorneys for Plaintiffs*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| H.R., and D.R.,<br><br>                Plaintiffs,<br>vs.<br><br>UNITED HEALTHCARE INSURANCE COMPANY, UNITED BEHAVIORAL HEALTH, the CORNING INCORPORATED BENEFITS COMMITTEE, and the CORNING MEDICAL WELFARE-HEALTH PLAN<br><br>                Defendants. | PLAINTIFFS' MOTION TO COMPLETE THE PRE-LITIGATION APPEAL RECORD<br><br>Case No. 2:21-cv-00386 – RJS – DBP<br><br>Chief District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

Plaintiffs, H.R. and D.R. (collectively "Plaintiffs"), through their undersigned counsel, move the Court to address the incompleteness of the pre-litigation appeal record (the "Record") produced to Plaintiffs by Defendants United Healthcare Insurance Company ("UHC"), United Behavioral Health ("UBH") (collectively "United"), the Corning Incorporated Benefits Committee (the "Committee") and the Corning Medical Welfare-Health Plan (the "Plan") (collectively "Defendants"). The nature of the discrepancy is outlined below.

//

## PROCEDURAL HISTORY

Plaintiffs filed the Complaint on June 22, 2021.[1] On January 3, 2022 this Court entered a scheduling order stating that the deadline for a party to bring a motion with the court regarding the completeness of the pre-litigation appeal record was March 14, 2022.[2] That deadline was extended several times, and the most recent scheduling order, the Third Amended Scheduling Order, states that the "deadline to file a motion regarding the completeness of the pre-litigation appeal record is extended from May 20, 2022 to June 21, 2022.[3] Plaintiffs filing of this motion is timely and therefore should be considered.

## THE RECORD

On or about January 13, 2022, Defendants provided Plaintiffs with an electronic link to the Record. After receiving a copy of the Record, Plaintiffs identified four issues regarding the record.

- One appeal, although complete, was provided in reverse order making it more difficult to work with the documents.
- Two pages of an appeal letter were omitted.
- The proposed Record did not contain a summary plan description for the year 2017 except for one page that was part of an appeal letter.
- A letter delivered on May 26, 2020, addressed to the Committee complaining that as part of the 2017 and 2018 claims, the family had requested numerous documents, claim file,

---

[1] ECF Doc. No. 2.
[2] ECF Doc. No. 27.
[3] ECF Doc. No. 33.

internal logs, MHPAEA compliance documents, and governing plan documents from United and had still not received them ("the letter").[4]

On March 1, 2022, Plaintiffs contacted Defendants to address each of these issues.[5] Plaintiffs and Defendants collaborated and participated in numerous meet and confer efforts while attempting to locate and verify the missing documents.[6] Plaintiffs provided copies of those documents that were in their possession. Ultimately, Plaintiffs received updated documents that included the 2017 Summary Plan Description and a complete copy of the appeal, in order, that included the two missing pages from the appeal letter.

However, one item remains disputed. As it related to the May 26, 2020, letter, Plaintiffs were unable to locate a copy of the signed letter that they had sent in 2020. Plaintiff, H.R., was able to verify that an unsigned copy was a true and correct version of the documents that had been sent and created an affidavit to that effect.[7] Plaintiffs provided a signed affidavit to Defendants together with a copy of the green certified mail receipt that showed the letter had been delivered and signed for. Additionally, Plaintiffs provided a copy of the United State Postal Service online tracking page.[8]

Even though Defendants have received the documents to verify that the letter was delivered and that it is a true and correct copy of the original letter, Defendants do not agree to include the letter as part of the record that the Court will review when deciding this case. Defendants report and Plaintiffs do not dispute that Defendants have made diligent and extensive

---

[4] Attached as Exhibit A.
[5] Attached as Exhibit B.
[6] Plaintiffs do not expect Defendants to dispute this fact, and for simplification have not produced all emails with this motion. Communications happened over a dozen times between March 1, 2022, and May 17, 2022.
[7] Attached as Exhibit C.
[8] Attached as Exhibit D.

efforts in an attempt to find a copy of this letter and have notified Plaintiffs that they have not been able to locate a copy of it.

Defendants have not disputed the accuracy of the address to which the letter was sent. Plaintiffs believe the letter should be included in the record provided to the Court for at least two reasons. First, the letter to the Committee is directly related to the issues raised by Plaintiffs' Third Cause of Action.[9] Second, the letter is referenced to and quoted in the Complaint.[10] Both of these factors make the letter relevant. First, the letter shows the attempts the family made to determine whether United followed the terms of the Plan and whether the Committee had any notes or logs that would show United's compliance or non-compliance. Secondly, the Complaint contains a statutory penalty cause of action, and the letter is the evidence that demonstrates the relevant records were requested from the Committee.

## ARGUMENT

"[I]n an ERISA action under 29 U.S.C. § 1132(a)(1)(B), a claimant may question the completeness of the administrative record; whether the plan administrator complied with ERISA's procedural regulations; and the existence and extent of a conflict of interest created by a plan administrator's dual role in making benefits determinations and funding the plan."[11] ERISA recognizes that these types of issues are distinct from the question of whether coverage should have been afforded. But the distinction does not lead to an elimination of the relevant evidence if the evidence is otherwise admissible.[12] In *Murphy v. Deloitte & Touche Grp. Ins. Plan* the Tenth

---

[9] Plaintiffs' third cause of action is for a request for statutory penalties. ECF Doc. No. 2, p. 22-23 at ¶80-94.
[10] ECF Doc. No. 2, p. 15 at ¶ 52.
[11] *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 263 (5th Cir. 2011)(citations omitted).
[12] *Id.*

Circuit described why documents like the letter that Plaintiffs ask to include in the record should be included.

> To the extent these materials are not contained in the record, both the administrator and the plan participant will suffer an inability to present evidence related to the conflict. However, the administrator has better access to information regarding the steps it has taken and could include these materials in the administrative record if it so chooses. So the greater prejudice of prohibiting extra-record discovery falls on the claimant.[13]

Here, Plaintiffs do not need to seek extra record discovery because they sent the original signed letter to the Defendants, but Plaintiffs did not keep a copy of that document. Plaintiffs were able to recognize the letter that had been sent and confirm that it was a true and correct copy. Plaintiffs also have produced the evidence to show that they did send the letter to the Committee via United States Postal Service so that it would be signed for by someone allowed to pick up mail for the Committee. Plaintiffs have attached an affidavit confirming that the letter is a true and correct copy of the one that was sent with the exception of the signature and date.[14] As noted above, Defendants maintain that they cannot find the original document. Because there are sufficient indicia of reliability that the letter is a true and correct copy of the document sent to the Committee and signed for by the Committee the letter should be part of the Record before the Court.

CONCLUSION

For these reasons Plaintiffs ask that the Court order Defendants to include the letter as part of the Record. Once the letter is included in the Record, Plaintiffs would stipulate to the completeness of the Record.

---

[13] *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1158 n.2 (10th Cir. 2010).
[14] Exhibit C.

DATED this 21st day of June, 2022

/s/ Brian S. King
Attorney for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served to all parties registered to receive notices via the Court's CM/ECF system for the above captioned matter.

DATED this 21st day of June, 2022

/s/ Brian S. King