IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| H.R. and D.R.,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED HEALTHCARE INSURANCE COMPANY, UNITED BEHAVIOR HEALTH, THE CORNING INCORPORATED BENEFITS COMMITTEE, and THE CORNING MEDICAL WELFARE-HEALTH PLAN,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION TO COMPLETE THE PRE-LITIGATION APPEAL RECORD<br><br>Case No. 2:21-cv-00386-RJS-DBP<br><br>Chief District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

This case arises out of Defendants'—United Healthcare Insurance Company and United Behavioral Health (collectively, United), The Corning Incorporated Benefits Committee (the Committee), and The Corning Medical Welfare-Health Plan (the Plan)—allegedly improper denial of coverage for Plaintiff D.R.'s inpatient mental health treatment. Now before the court is Plaintiffs' Motion to Complete the Pre-Litigation Appeal Record.[1] For the reasons explained below, the Motion is GRANTED.

## BACKGROUND

Plaintiffs H.R. and his son D.R. are, respectively, a participant in and beneficiary of the

---

[1] Dkt. 34.

Plan.[2] The Plan is a self-funded employee welfare benefits plan governed by the Employee Retirement Income Security Act (ERISA), for which United is the claim administrator, and the Committee is the Plan administrator.[3]

Between May 2017 and October 2018, D.R. received treatment at two facilities providing care to adolescents needing mental health, behavioral, and substance abuse treatment.[4] United denied payment for D.R.'s treatment at both facilities, stating the treatment was "not covered" under the Plan.[5] H.R. appealed that determination with United and eventually an external agency, but the denial was upheld.[6]

While appealing the denial of benefits, H.R. claims he requested United produce all Plan documentation (the Plan Documents) supporting the benefit determination, including:

> governing plan documents, the summary plan description, any insurance policies in place for the benefits he was seeking, any administrative service agreements that existed, the Plan's mental health and substance abuse criteria, the Plan's criteria for skilled nursing and rehabilitation facilities, and any reports or opinions from any physician or other professional regarding the claim.[7]

H.R. alleges United was, at a minimum, failing to provide the Plan Documents, or possibly, willfully refusing to produce them.[8] After the final denial of benefits in July 2019, H.R. asserts he sent a letter to the Committee on May 26, 2020 via registered mail (the Letter), requesting the

---

[2] Dkt. 2, *Complaint* ¶¶ 1, 4; Dkt. 25, *Answer* ¶ 4.

[3] *Complaint* ¶¶ 3, 4; *Answer* ¶¶ 3, 4.

[4] *Complaint* ¶ 5; *Answer* ¶ 5.

[5] *Complaint* ¶¶ 15, 33; *Answer* ¶¶ 15, 33.

[6] *Complaint* ¶¶ 16, 22, 23, 31, 34, 37, 38, 44, 45, 51; *Answer* ¶¶ 16, 22, 23, 31, 34, 37, 38, 44, 45, 51.

[7] *Complaint* ¶ 21; *see also id.* ¶¶ 30, 43, 50.

[8] *Id.* ¶¶ 35, 39, 52.

Plan Documents.[9]  According to H.R., he received no response.[10]  Having exhausted their pre-litigation options, Plaintiffs filed a Complaint with this court on June 22, 2021.[11]

## PROCEDURAL HISTORY

Plaintiffs' Complaint includes three claims against Defendants for: (1) recovery of benefits under ERISA 29 U.S.C. § 1132(a)(1)(b); (2) violation of the Mental Health Parity and Addiction Equity Act (MHPAEA) 29 U.S.C. § 1132(a)(3); and (3) statutory penalties under 29 U.S.C. § 1132(a)(1)(A), and (c).  In preparing for this litigation, Defendants provided Plaintiffs with the administrative record.[12]  The Letter was absent from the record.[13]  The parties collaborated to try to find the Letter or a verified copy—to no avail.[14]  Plaintiffs then produced an unsigned draft of the Letter for the record, along with an affidavit verifying the draft was "a true and correct" copy of the original, and a photo of the certified mail receipt showing the Letter had been mailed on May 23, 2020 and delivered May 26, 2020.[15]  Defendants would not, however, agree to add the unsigned draft of the Letter to the administrative record.[16]

On June 21, 2022, Plaintiffs filed this Motion seeking to add the unsigned draft of the Letter to the record.[17]  And on July 26, 2022, Defendants filed their Opposition.[18]  Now that Plaintiffs have filed their Reply,[19] the court is prepared to rule on the Motion.

---

[9] *Id.* ¶ 52.

[10] *Id.* ¶ 53.

[11] *See generally id.*

[12] Dkt. 34, *Plaintiffs' Motion to Complete the Pre-Litigation Appeal Record (Motion)* at 2.

[13] *Id.* at 2–3.

[14] *Id.* at 3, Exh. B.

[15] *Id.* at 3.

[16] *Id.* at 3.

[17] *See generally id.*

[18] *See* Dkt. 38, *Defendants' Opposition to Plaintiffs' Motion to Complete the Pre-Litigation Appeal Record (Opposition)*.

[19] *See* Dkt. 40, *Reply in Support of Plaintiffs' Motion to Complete the Pre-Litigation Appeal Record (Reply)*.

## LEGAL STANDARD

ERISA authorizes plan participants and beneficiaries "(A) to enjoin any act or practice which violates any provision of [ERISA] or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of [ERISA] or the terms of the plan[.]"[20] This includes enforcing the statutory penalties provision, which allows for assessment of monetary civil penalties against a plan administrator who fails or refuses to provide specified plan documents to an ERISA plan participant or beneficiary.[21]

Generally, judicial review of an ERISA claim is "limited to the administrative record—the materials compiled by the administrator in the course of making his decision."[22] But this prohibition is specific to "extra-record supplementation in the context of rejecting a claimant's efforts to supplement the record with substantive evidence of his eligibility for benefits."[23] "[G]iven the variety of ERISA cases which are brought" and the "varied situations in which the administrative record alone may be insufficient to provide proper . . . review,"[24] federal courts have discretion to admit additional evidence where the party seeking to supplement the record establishes the evidence is "necessary" to the court's review.[25]

## ANALYSIS

---

[20] 29 U.S.C. § 1132(a)(3).

[21] *Id.* § 1132(c)(1).

[22] *Holcomb v. Unum Life Ins. Co. of Am.*, 578 F.3d 1187, 1192 (10th Cir. 2009) (quoting *Fought v. UNUM Life Ins. Co. of Am.*, 379 F.3d 997, 1003 (10th Cir. 2004)).

[23] *Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1158 (10th Cir. 2010).

[24] *Hall v. UNUM Life Ins. Co. of Am.*, 300 F.3d 1197, 1202–03 (10th Cir. 2002) (internal citation and quotation marks omitted).

[25] *See id.* (internal citation and quotation marks omitted) (allowing supplemental evidence under de novo review of an ERISA claim by a showing of "necessity," among other factors); *Murphy*, 619 F.3d at 1164 (allowing supplemental evidence under abuse of discretion review with a showing of "necessity"). In briefing, the parties discuss the appropriate standard of review for Plaintiffs' claims. *Opposition* at 2 n.1; *Reply* at 6. But because both de novo and abuse of discretion review allow supplementing the ERISA record upon a showing of necessity, the court need not determine the proper standard of review at this juncture.

Plaintiffs argue the draft Letter should be included in the administrative record so that the court "has the pertinent information" necessary to resolve the statutory penalties claim.[26] They assert the Letter "is directly related to the issues raised" on their statutory penalties claim as it evidences their request for information from the Plan administrator.[27] Quoting Tenth Circuit case law, Plaintiffs argue, "[t]o the extent these materials are not contained in the record, both the administrator and the plan participant will suffer an inability to present evidence related to the conflict."[28] And, according to Plaintiffs, the Letter was indisputably written after the determination of benefits so it could not have been submitted to the Plan administrator for consideration in that decision.[29]

Defendants argue the Letter should be excluded because neither United nor the external agency considered the Letter in denying benefits.[30] Defendants agree that the Letter was written after the determination of benefits and assert this supports their argument for exclusion because "the district court is limited to the administrative record," which in turn "is limited to 'the materials compiled by the administrator in the course of making his decision.'"[31] Although they acknowledge extra-record discovery may be appropriate in cases evaluating a plan administrator's possible conflict of interest, Defendants assert that principle is inapplicable here, where Plaintiffs are seeking to *supplement* the record with a document generated after the

---

[26] *Motion* at 4; *Reply* at 5. In passing, Plaintiffs remark that the Letter is also relevant to their other claims seeking recovery of benefits and restitution for MHPAEA violations. *Reply* at 3 n.3, 9. The substance of the Motion and Reply, however, focus solely on the statutory penalties claim. *See, e.g.*, *Reply* at 5 ("Plaintiffs acknowledge that the letter requesting documents from the Plan administrator is not relevant to the denied benefits claim but instead to the statutory penalties cause of action . . . ."). And, Plaintiffs concede they've received the documents necessary for their MHPAEA claim and the Letter is "not essential" to their claim for benefits. *See Reply* at 3 n.3, 5–6. For that reason, the court construes the Motion as requesting extra-record materials only for use in evaluating the statutory penalties claim.

[27] *Motion* at 2.

[28] *Motion* at 5 (quoting *Murphy*, 619 F.3d at 1158 n.2).

[29] *Opposition* at 3–4, *Reply* at 3.

[30] *Opposition* at 1–4.

[31] *Id.* at 1–2 (quoting *Hall*, 300 F.3d at 1201).

benefits determination.[32] Additionally, Defendants argue against inclusion because the Letter was improperly addressed and cannot be found, and the unsigned, undated draft of the Letter "cannot constitute a 'true and correct' copy."[33]

On the first point, the rule against admitting extra-record evidence in ERISA cases is nuanced and Tenth Circuit courts have been "cautioned against too broad of a reading of [Circuit] precedent regarding supplementation of an ERISA administrative record."[34] Supplementation is warranted in a variety of situations, not just for conflict-of-interest cases.[35] District courts maintain "flexibility to admit additional evidence" where appropriate.[36] While it is an "unusual case in which the district court should allow supplementation of the record,"[37] courts have discretion to admit extra-record evidence if the proponent can show it: (1) is necessary to a ERISA claim (so long as it is not concerning a benefit eligibility claim), (2) could not have been submitted to the administrator while evaluating benefits, and (3) would aid in "a fair and informed resolution of the claim."[38]

Plaintiffs have met their burden. The Letter is necessary to resolve the statutory penalties claim, and Plaintiffs do not intend to use it to challenge the denial of benefits.[39] Statutory penalties under ERISA are triggered when a plan administrator fails to respond to informational

---

[32] *Id.* at 4–5.

[33] *Id.* at 5–6.

[34] *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1129 (10th Cir. 2011); *see Murphy*, 619 F.3d at 1160 ("Although we have frequently used broad language to describe our restriction on extra-record discovery and supplementation, the breadth of that language can be misleading, at least to some degree.").

[35] *Hall*, 300 F.3d at 1203 (listing a variety of circumstances in ERISA cases that "could warrant the admission of additional evidence" but noting "[t]his list is not exhaustive").

[36] *Id.*

[37] *Id.*

[38] *See Murphy*, 619 F.3d at 1163–64; *Boothe v. Deseret Mut. Benefit Adm'rs*, No. 1:16-CV-00008-DN, 2017 WL 2787748, at *2 (D. Utah June 27, 2017).

[39] *Reply* at 5; *see also supra* note 26.

requests by plan participants.[40]  Without proof of the Letter, Plaintiffs cannot maintain their statutory penalties claim; thus, the extra-record evidence is necessary.  Next, Plaintiffs could not have proffered the Letter for the benefits determination because the Letter did not exist at that time.  This is not a case where the plan participant failed to bring existing evidence to the attention of the administrator, and the parties do not dispute this fact.[41]  Lastly, including the Letter in the record would allow for fair, yet efficient, resolution of the claim by allowing Plaintiffs to litigate the issue on its merits,[42] without unnecessarily delaying the litigation by engaging the parties in some "unwieldy, burdensome, and speculative fishing expedition."[43]

Defendants' second argument—whether Plaintiffs' Letter was properly mailed or received—goes to the merits of the statutory penalties claim and can be addressed at that stage in the litigation.[44]  Likewise, challenges to the authenticity and weight given the draft version of the Letter are issues Defendants may raise when they brief the merits of the statutory penalties claim.

## CONCLUSION

---

[40] *See* 29 U.S.C. § 1132(a)(1)(A), and (c); *David P. v. United Healthcare Ins. Co.*, No. 2:19-cv-00225-JNP-PMW, 2020 WL 607620, at *20 (D. Utah Feb. 7, 2020) (explaining that informational requests to claims administrators do not "trigger the ERISA disclosure requirements" and dismissing a claim for statutory penalties because plaintiffs only requested plan information from the claim administrator rather than the plan administrator).

[41] *See Sandoval v. Aetna Life & Cas. Ins. Co.*, 967 F.2d 377, 380–81 (10th Cir. 1992) ("If a plan participant fails to bring evidence to the attention of the administrator, the participant cannot complain of the administrator's failure to consider this evidence.").

[42] *See Lee v. Max Intern., LLC*, 638 F.3d 1318, 1319 (10th Cir. 2011) ("Our justice system has a strong preference for resolving cases on their merits whenever possible[.]").

[43] *See Boothe*, 2017 WL 2787748, at *2 (denying a motion to supplement an ERISA record where the proponent's request for extra-record evidence was unclear, undermining a quick resolution of the claim, and she could not demonstrate that the request "would result in a more fair and informed resolution of the claim").

[44] *See Moothart v. Bell*, 21 F.3d 1499, 1503 (10th Cir. 1994) (explaining that an ERISA request must be "clear" and put "the administrator on notice of the information sought" in order to trigger statutory penalties); *see also Michael v. Am. Int'l Grp., Inc.*, No.4:05CV02400 ERW, 2008 WL 4279582, at *7 (E.D. Mo. Sept. 15, 2008) (denying summary judgment because questions of material fact existed over whether an ERISA request for information "was sent to and received" by the plan administrator).

For the reasons stated, the court finds Plaintiffs have met their burden and are entitled to supplement the record with their proffered draft of the Letter. The court accordingly GRANTS Plaintiffs' Motion to Complete the Pre-Litigation Appeal Record.[45]

**SO ORDERED** this 6th day of October, 2022.

BY THE COURT:

Robert J. Shelby
United States Chief District Judge

---

[45] Dkt. 34.